47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re A & C PROPERTIES, et al., Debtor.
Stephen W. HOLOHAN, Appellant,
v.
Lawrence A. DIAMANT, Trustee in Bankruptcy, Appellee.
Lawrence A. DIAMANT, Appellant,
v.
Stephen W. HOLOHAN, Appellee.
Binder Elaine ROBINSON, Executrix of the Estate of Gilbert
Robinson, Plaintiff-Appellant,
v.
Robert C. DOCTOR, individually and in his former capacity as
Trustee under the Will of Fred Doctor; Betty Willian,
individually and as nominee of Gary H. Willian; Robert E.
Mosher; Joseph Emerson, et al., Defendants-Appellees.
 Nos. 93-56167, 93-56403 and 93-56462.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1995.
Decided Feb. 21, 1995.
 
 1
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Attorney Stephen W. Holohan appeals the district court's order denying his application for fees in consolidated Chapter 11 bankruptcy actions involving debtor A & C Properties. Elaine Robinson, executrix of the estate of Gilbert Robinson, the original Trustee, and Lawrence Diamant, the Co-Trustee, appeal the district court's award of Trustee's fees. They contend that the district court erred when it refused to uphold a fee-sharing agreement between the former Trustee and his law firm, and also refused to enhance the Trustee's fee.
 
 DISCUSSION
 I. Holohan's appeal for fees
 
 4
 Holohan was not entitled to fees because he did not comply with the Bankruptcy Rules, was asking for fees that he earned while he was employed by a law firm, and conferred no benefit upon the estate that would justify fees.
 
 
 5
 Bankruptcy Rule 2014 requires that professionals who perform services may be compensated only if they have received prior court approval. It is undisputed that Holohan did not have court approval of his own activities. In addition, Holohan requests personal fees for services that he performed while he was employed by Noble, Campbell & Uhler in the years 1978-1987. Holohan's claims about fees earned during these years can be taken up with the Noble firm; they are not the concern of the bankruptcy court.
 
 
 6
 Also, Holohan is not entitled to fees under 11 U.S.C. Sec. 104 (repealed 1978),[1] which gives priority to administrative expenses incurred in services that "benefit" the estate. To recover fees under Sec. 104, a petitioner must demonstrate that he has somehow benefited the estate, such as by recovering property or successfully negotiating plans. Holohan has not shown how, independently of his work for the Noble firm, he conferred a benefit on the bankruptcy estate, except as to some appeal services for which he was compensated.
 
 
 7
 Similarly, even if Holohan were able to demonstrate that the common fund doctrine may be applied in this context, an issue we do not decide, the district court's determination that he has failed to demonstrate that he did create a common fund or confer a benefit upon the estate precludes him from obtaining fees. Cf. Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 271 (9th Cir.1989) (class action which created a fund for bankruptcy estate and others--fees awarded).
 
 II. Robinson's fee-sharing agreement
 
 8
 Bankruptcy Rule 2016 and its predecessor, Rule 219, permit fee-sharing agreements but require that persons seeking interim or final compensation file statements which disclose the existence of the agreement. (Evidence of custom, etc., is not a filed "detailed statement.") In the case of a fee-sharing agreement between law firm partners, the "details" of the agreement need not be disclosed, but the existence of the agreement is not exempt from disclosure.
 
 
 9
 The district court's refusal to uphold the fee-sharing agreement was predicated on Robinson's failure to disclose his fee-sharing agreement with his law firm. The Trustee was appointed in 1979, but did not disclose the fee-sharing agreement until December of 1992. It cannot be said that the district court's refusal to uphold the agreement was error where Robinson violated the bankruptcy rules by not disclosing the agreement until thirteen years had passed after the Trustee's appointment, even though the Trustee had been receiving interim compensation during that period. It was not an abuse of discretion for the court to refuse to permit sharing under these circumstances. It had the authority to deny the fees in their entirety.
 
 
 10
 Robinson's estate stresses that it obtained an order from the Superior Court of California which directed that the monies set aside for the Trustee would be paid over to the Robinson firm. It is true that we usually grant state court decisions full faith and credit. See United States ex rel. Robinson Rancheria v. Borneo, Inc., 971 F.2d 244, 250-51 (9th Cir.1992). However we cannot say that the district court erred when it refused to allow the uncontested order of the probate court to undercut the requirements of the Bankruptcy Rules, and thus strip a protection from the estate, which was in the care of the federal courts. Perhaps the district court could have avoided any appearance of disrespect of the probate court by denying fees altogether, as certain creditors request. But, again, we cannot say that it abused its discretion when it adopted the more benign course of simply ordering that the fee-sharing agreement itself not be carried out.
 
 III. Trustee's request for fee enhancement
 
 11
 Under 11 U.S.C. Sec. 76(c) (repealed 1978), district courts may allow trustees who conduct business to recover up to twice the maximum fee. We review their decisions for abuse of discretion. Southwestern Media, Inc., 708 F.2d at 422. We have affirmed substantial awards where they were "reasonable" and the bankruptcies were successful. See id. at 426-27. Nevertheless, Trustees are not entitled to enhanced fees, and district courts' factual findings and discretionary decision-making are entitled to deference. See id. at 422.
 
 
 12
 In the instant case there were sufficient facts to enable the district court to decide that enhanced fees were not appropriate. The court weighed the two parties' competing characterizations of the "delay" in the estate's closing and was persuaded that the Trustee had not acted expeditiously. Moreover, the court noted that the management of the company was paid, and therefore the Trustee's supervision was "limited." These facts support a finding that the Trustee's activities here did not go sufficiently beyond the normal call of duty to warrant enhanced compensation. The Trustee recovered substantial compensation as it was--$915,604.25. Regardless of what we would do were we the initial decision-maker, we cannot say that the district court was required to charge the bankruptcy estate even more.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although this section is now repealed, it does govern. A case commenced under the "old" Act is governed by the provisions of that Act. See Southwestern Media, Inc. v. Rau, 708 F.2d 419, 421 n. 1 (9th Cir.1983)